# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 25, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Shamael F. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 24-1322-CDA

Dear Counsel:

On May 7, 2024, Plaintiff Shamael F. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; D. Md. Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 15, 17-18). I find that no hearing is necessary. *See* D. Md. Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE and REMAND the Commissioner's decision. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 22, 2018, alleging a disability onset date of November 1, 2014. Tr. 167-69. Plaintiff's claims were denied initially and on reconsideration. *Id.* at 100-03, 108-14. An Administrative Law Judge ("ALJ") held a hearing on May 29, 2020. *Id.* at 37-68. Following the hearing, on August 21, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. *Id.* at 12-35. The Appeals Council ("AC") denied Plaintiff's request for review, *id.* at 1-6, so Plaintiff filed a complaint in this Court seeking review of the ALJ's decision, *id.* at 431-39. On June 1, 2022, Judge Quereshi remanded the case for further administrative proceedings. *Id.* at 440, 444-48. On August 21, 2022, the AC vacated the ALJ's decision and remanded Plaintiff's case for a new hearing. *Id.* at 449-53. On March 31, 2023, an ALJ held a new hearing. *Id.* at 377-400. Following the hearing, on July 31, 2023, the ALJ again

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on May 7, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Shamael F. v. Bisignano*
Civil No. 24-1322-CDA
September 25, 2025
Page 2

determined that Plaintiff was not disabled. *Id.* at 349-76. Because the AC did not assume jurisdiction over Plaintiff's case, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. §§ 404.984(d), 416.1484(d), 422.210(a).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 1, 2014, the alleged onset date." Tr. 355. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, hypertension, diabetes, anxiety disorder, post-traumatic stress disorder ("PTSD"), major depressive disorder, and adjustment disorder." *Id.* (cleaned up). The ALJ also determined that Plaintiff suffered from the non-severe impairments of blepharitis and vaginitis. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work[3] as defined in 20 CFR 404.1567(b) except: She can never climb
> ladders, ropes, and scaffolds. She is able to climb ramps and stairs occasionally.
> She is able to balance, stoop, kneel, crouch, and crawl occasionally. She must avoid

---

[3] The ALJ defined "light work" as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting
> or carrying of objects weighing up to 10 pounds. Even though the weight lifted
> may be very little, a job is in this category when it requires a good deal of walking
> or standing, or when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls. To be capable of performing a full or wide range of
> light work, the individual must have the ability to do substantially all of these
> activities. If someone can do light work, we determine that he or she can also do
> sedentary work, unless there are additional limiting factors such as loss of fine
> dexterity or inability to sit for long periods of time.

Tr. 360 n.1.

*Shamael F. v. Bisignano*
Civil No. 24-1322-CDA
September 25, 2025
Page 3

> concentrated exposure to extreme cold, extreme heat, wetness, excessive vibration, hazardous moving machinery, and unprotected heights. She is limited to the performance of only simple, routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving occasional interaction with supervisors, co-workers, and the general public. She is able to tolerate occasional changes in a routine work setting. The meaning of the term "no strict production quotas" means no assembly line pace work. However, she is able to perform work activities at a normal and consistent pace for the typical eight-hour workday, forty-hour workweek schedule within customary employer tolerances for off-task behavior and absence from work each month (e.g., off task no more than ten percent of the workday and absence from work no more than one day of work each month).

*Id.* at 360. The ALJ determined that Plaintiff "is unable to perform any past relevant work" as a Bus Attendant (DOT[4] #352.577-010). *Id.* at 369. However, the ALJ found that Plaintiff could perform a significant amount of other work available in the national economy. *Id.* at 370. Therefore, the ALJ concluded that Plaintiff was not disabled between November 1, 2014 and the decision date. *Id.*

## III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

---

[4] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Shamael F. v. Bisignano
Civil No. 24-1322-CDA
September 25, 2025
Page 4

## IV.    ANALYSIS

Plaintiff argues that the RFC lacks the support of substantial evidence because the ALJ failed to address her moderate concentration, persistence, and pace ("CPP") limitation; explain an off-task limitation; build an accurate, logical bridge between the evidence and RFC; and weigh conflicting evidence.  ECF 15, at 10-31.  Defendant counters that the RFC is supported by substantial evidence because the ALJ's discussion of subjective testimony, medical records, and source opinions enables meaningful review.  ECF 17, at 12-20.  Plaintiff prevails here.

The RFC assessment represents the most a claimant can do, despite any physical and mental limitations, on a "regular and continuing basis."  20 C.F.R. § 416.945(b)-(c).  In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a).  "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'"  *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).

When performing an RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence.  SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996); *see White v. Comm'r, Soc. Sec. Admin.*, No. 16-2428-SAG, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation omitted) (stating that to satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of [the] claimant's symptoms and medical source opinions" to support the RFC determination) (alteration in original).  In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion."  *Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464-SAG, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)), as amended (Dec. 13, 2000) (internal quotation marks omitted); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate logical bridge from [that] evidence to his conclusion.") (internal quotation marks and citation omitted) (emphasis in original).

"[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday."  *Kane v. Comm'r, Soc. Sec. Admin.*, No. 17-1252-SAG, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018).  However, if an ALJ specifies a time off-task, the ALJ must adequately explain that determination with reference to the record.  *Abdul K. v. Kijakazi*, No. 21-2434-BAH, 2022 WL 2789363, at *2-3 (D. Md. July 15, 2022); *see also Fisher v. Comm'r, Soc. Sec.*, No. 17-3165-RDB, 2018 WL 3348858, at *3 (D. Md. July 9, 2018) (remanding where "[t]he ALJ [] provided no support or explanation for this extremely specific [time off-task] conclusion."); *Carter v. Berryhill*, No. 17-4399, 2018 WL 4381275, at *12 (S.D.W. Va. Apr. 11, 2018), *report and recommendation adopted*, 2018 WL 4169108, at *3-4 (S.D.W. Va. Aug. 30, 2018) (remanding where the ALJ left the court to guess how they arrived at the conclusion that the claimant would be off task for 15%

Shamael F. v. Bisignano
Civil No. 24-1322-CDA
September 25, 2025
Page 5

of the workday).

The Court has, on several occasions, addressed an ALJ's obligations when specifying a time off-task limitation. *See Abdul K.*, 2022 WL 2789363, at *2-3 (remanding where the ALJ failed to explain how the evidence cited translated into a determination that Plaintiff would be off task 10% of the workday); *Jennifer M. v. Kijakazi*, No. 21-1491-ADC, 2022 WL 2668423, at *4-5 (D. Md. July 11, 2022) (same); *Brian L. v. Comm'r, Soc. Sec. Admin.*, No. 19-197-DLB, 2020 WL 1814205, at *3 (D. Md. Apr. 9, 2020) (addressing a 5% time off-task limitation); *Williams v. Berryhill*, No. 17-1083-TMD, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) (addressing a 10% time off-task limitation); *Kane*, 2018 WL 2739961, at *1 (same). In each case, the Court required the ALJ to explain their limitation findings—specifically, why the claimants would be off task for a certain percentage of the workday. In *Kane*, the Court explained that "the assignment of a precise percentage of time off-task constituted a critical part of the disability determination," yet "the ALJ failed to explain how he reached" that conclusion. 2018 WL 2739961, at *1. The assignment of a precise time off-task limitation is critical because "a one percent increase could preclude competitive employment." *Petry*, 2017 WL 680379, at *2.

As an initial matter, because the ALJ included a 10% time off-task limitation in the RFC, the ALJ must adequately explain such determination with reference to the record. However, the only instance where the ALJ addressed the 10% time off-task limitation in their decision was in the RFC. Tr. 360. At no point in their decision did the ALJ evaluate Plaintiff's moderate CPP limitation as it relates to Plaintiff's ability to sustain work over an eight-hour workday and why that limitation translated to a 10% off-task limitation as opposed to a greater or lesser period. *See Abdul K.*, 2022 WL 2789363, at *2-3; *Bibey v. Saul*, No. 19-2690-JMC, 2020 WL 7694552, at *4 (D. Md. Dec. 28, 2020); *Brian L.*, 2020 WL 1814205, at *3; *Michael K. v. Soc. Sec. Admin.*, No. 18-1038-JMC, 2019 WL 1501582, at *3 (D. Md. Mar. 7, 2019). Therefore, the ALJ failed to build an "accurate and logical bridge" between the evidence of Plaintiff's moderate CPP limitation and the 10% time off-task limitation included in the RFC, thus leaving the Court to guess how the ALJ arrived at the conclusion that Plaintiff would be off task for 10% of the workday. *Petry*, 2017 WL 680379, at *2; *see also Derick G. v. O'Malley*, No. 22-3239-CDA, 2024 WL 626197, at *4 (D. Md. Feb. 14, 2024) (concluding that the ALJ failed to build an accurate and logical bridge between evidence of the claimant's head injuries and a 5% time off-task limitation where "the ALJ only presented one hypothetical question regarding off-task limitation to the [vocational expert]"). The harm of such an error is obvious where, as here, the vocational expert testified that a time off-task limitation greater than 10% would be work-preclusive. Tr. 394-95; *see, e.g., Brian L.*, 2020 WL 1814205, at *3; *Kane*, 2018 WL 2739961, at *2. Prior decisions of this Court and the Fourth Circuit leave the undersigned convinced that this error requires remand for further consideration and explanation. *See Jennifer M.*, 2022 WL 2668423, at *4-5; *Abdul K.*, 2022 WL 2789363, at *3; *see also Beth Ann O. v. Kijakazi*, No. CV 21-1877-BAH, 2022 WL 3360277, at *3 (D. Md. Aug. 15, 2022) ("[The d]efendant ignore[ed] that the Fourth Circuit, and this Court specifically, have regularly held that an ALJ's failure to explain *how* they determined that a claimant would be off task for a specific percentage of the workday precludes meaningful judicial review. Such is the case here and remand is warranted." (emphasis in original)).

*Shamael F. v. Bisignano*
Civil No. 24-1322-CDA
September 25, 2025
Page 6

Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider those arguments and adjust their opinion accordingly.  Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

**V.    <u>CONCLUSION</u>**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge